IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABARTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>LINCOLN ELECTRIC COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Abarta, LLC ("Plaintiff" or "Abarta"), by and through its undersigned counsel, files this Complaint against Defendant Lincoln Electric Company as follows:

**NATURE OF THE ACTION**

1.  This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,224,326 entitled "*Virtual Reality System*" (the "'326 patent"; a copy of which is attached hereto as Exhibit A).  Plaintiff is the exclusive licensee of the '326 patent with respect to the Defendant.  Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.  Plaintiff Abarta, LLC is a limited liability company organized under the laws of the State of Texas.  Plaintiff maintains its principal place of business at 3301 W. Marshall Avenue, Suite 303, Longview, Texas 75601.  Plaintiff is the exclusive licensee of the '326 patent and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Lincoln Electric Company ("Lincoln"), is a corporation organized and existing under the laws of the State of Ohio, with its headquarters located at 22801 St. Clair Avenue, Cleveland, Ohio 44117. Upon information and belief, Lincoln is authorized by the Secretary of State of the State of Texas to transact business in the state and its registered agent is CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to businesses in Texas and in this Judicial District.

7. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern

District of Texas.  Defendant has committed patent infringement in the State of Texas and in the Eastern State of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas.

### COUNT I– INFRINGEMENT OF U.S. PATENT 7,224,326

8. Abarta refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '326 Patent was duly and legally issued by the United States Patent and Trademark Office on May 29, 2007, after full and fair examination.  Plaintiff is the exclusive licensee of the '326 patent and possesses all rights of recovery under the '326 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, sells, and otherwise provides hardware and software that infringes the '326 patent.  The '326 patent provides, among other things, a method "of operating a virtual reality (VR) system comprising: maintaining a plurality of images where each image has a 360-degree field-of-view defining a X direction and a Y direction; determining a viewing direction of a user in both of the X and Y directions; displaying a portion of the plurality of images to the user; and sending a rate of change of the plurality of images moving in a Z direction; the method characterized by simultaneously coordinating the X and Y directions and the Z direction and interlacing the viewing direction and the rate of change for automatically changing the plurality of images in the X, Y, and Z directions as the user

changes the viewing direction in at least one of the X and Y directions and simultaneously moves in the Z direction."

11. Defendant has infringed and continues to infringe one or more claims of the '326 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for sending images with a 360-degree field of view to a viewing device whereby the user views a portion of the images determined by the directional sensors mounted. More particularly, Defendant sells and/or requires and/or directs users to access and/or use a virtual reality system that maintains a plurality of images with a 360-degree field-of-view in the X, Y, and Z directions, in a manner claimed in the '326 patent. Defendant infringes the '326 patent by Defendant providing the VRTEX Training System ("VRTEX System") that practices a method for a maintaining a plurality of images for use in a 360-degree field-of-view virtual reality training system.

12. Defendant infringes '326 patent by providing customers a reality training system designed to provide a 360 degree viewing experience, including tracking movement in the X and Y directions, via a helmet with integrated face-mounted display, to display portions of corresponding images. The directional sensors are mounted on the helmet included with the Defendant's system, to track the user's movements that correspond with imagery used in the virtual environment and viewed on the display. The VRTEX System detects movement and displays a portion of the environment as a function of the X and Y directions.

13. While the Defendant's system receives movement information as a function of the X and Y directions, the head tracking device, based on information and belief, also measures the

Z direction through the user's change in head movements, as measured by the head tracking device. The system then displays portions of the environment as a function of these simultaneous movements in the X, Y, and Z directions, to create an improved lifelike virtual reality experience. The Defendant infringes the '326 patent when the headset simultaneously displays, on the viewing device, the change of movement in the Z and X/Y directions and interlaces the imagery portions to follow the user's movements through the virtual environment.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Defendant also has infringed under 35 U.S.C. § 271(b) by inducing infringement of the '326 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '326 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the '326 patent to the injury of Abarta. For example, Defendant has configured the VRTEX System to be made available for use with most computer systems, inducing others to perform steps claimed thereby infringing on the '326 patent. Since at least the filing date of this Complaint, Defendant has had knowledge of the '326 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '326 patent pursuant to 35 U.S.C. § 271(b).

16. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17.     Defendant's infringement of Plaintiff's exclusive rights under the '326 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '326 patent have been infringed, either literally and/or under the doctrine of equivalents, directly and/or indirectly by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the '326 patent;

E.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F.  Any further relief that this Court deems just and proper.

Dated:  October 23, 2012                Respectfully submitted,

By:   /s/Andrew W. Spangler_____
Andrew W. Spangler, Esq.
State Bar No.   24041960
email address: spangler@sfipfirm.com
Attorney-in-Charge

**SPANGLER & FUSSELL P.C.**
**208 North Green Street**
**Suite 300**
**Longview, TX 75601**
Phone: (903) 753-9300
Fax: (903) 553-0403

James A. Fussell, III, Esq.
AR State Bar No.  2003193
Email address: fussell@sipfirm.com

**SPANGLER & FUSSELL P.C.**
**211 N. Union Street, Suite 100**
**Alexandria, VA 22314**
Phone: (903) 753-9300
Fax: (903) 553-0403

**ATTORNEYS FOR PLAINTIFF**
**ABARTA, LLC**